```
                    IN THE UNITED STATES DISTRICT COURT

                  FOR THE EASTERN DISTRICT OF CALIFORNIA
```

United States of America,          )
                                   )    2:04-cr-0144-GEB-1
          Plaintiff,               )
                                   )
     v.                            )    CONDITIONAL RELEASE ORDER
                                   )
James R. Ballesteros,              )
                                   )
          Defendant.                )
_____   )

On October 22, 2010, the Court received a letter dated October 4, 2010 ("October 4 Letter") from the Warden of Federal Medical Center in Devens, Massachusetts ("FMC Devens") in which the Warden states: "it is the opinion of our clinical staff that [Defendant's] mental status has improved to the degree his Conditional Release under a prescribed regimen of psychiatric care and treatment would not create a substantial risk of bodily injury to another person or serious damage to the property of others."

A "Risk Assessment Panel Report" is attached to the October 4 Letter that provides the details of Defendant's clinical analysis and includes following opinions and recommendations[1]:

> Whether a person will engage in violent behavior is a function of a variety of factors which include history, personal disposition, and situational variables that cannot all be known in advance.

---

[1] The Court was informed on June 24, 2011 that the Risk Assessment Panel comprises three Forensic Psychologists who also consult with a psychiatrist if appropriate.

1

> Although it is possible to consider available historical data, situational factors and anticipated placement to estimate relative risk, any opinion about the dangerousness of an individual is of only limited accuracy, and the accuracy of the opinion diminishes over time.
>
> [Defendant's] behavior has been well-controlled for the past several months. He has remained housed on an open unit for the duration of his hospitalization. He has received only one incident report since being placed in BOP custody (in 2006 for Refusing an Order), and has made a positive adjustment to FMC Devens. He has remained compliant with his medication and has demonstrated insight into the need to continue to take his medication.
>
> It is the opinion of the [Panel] that [Defendant] has received the maximum benefit of inpatient treatment and his release would not create a substantial risk of bodily injury to another person or serious damage to the property of another. The Panel recommended that Social Work staff seek a placement in a structured and supervised setting where [Defendant] could be monitored and his medication compliance be supervised. In the past, without close monitoring and treatment, [Defendant] has become non-compliant with medication and experienced a relapse of psychotic symptoms (e.g., paranoia, delusions). He should also refrain from drug and alcohol abuse, and substance use could exacerbate symptoms of his mental illness and interfere with the efficacy of the medication. **Until an appropriate placement is located and approved by the Court, [Defendant] continues to meet the criteria for commitment under Title 18, United States Code, Section 4243.**

(Emphasis added).

On May 25, 2011, the Court received a letter dated May 10, 2011 ("May 10 Letter") in which the Warden at FMC Devens certifies:

> [Defendant] has recovered from his mental disease or defect to such an extent that his conditional release under the attached regimen of care and treatment would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another.

2

Further, the Warden provides conditions for Defendant's release, including the half-way house in the Central District of California where Defendant can be placed.

The Court conducted a status hearing in this case on June 24, 2011. At the status hearing, the government and Defendant requested a continuance of the conditional release decision so that they could reach agreement on what release conditions recommended in the May 10 Letter should be modified. However, it was unclear whether counsel would propose tenable release conditions, and when counsel failed to immediately tell the Court what condition or conditions they proposed to modify, the Court recessed the proceeding. During the recess, the Court contacted the United States Probation Office involved with this case so that a probation officer could attend the proceeding and assist the Court in evaluating the parties' proposed modifications.

After the proceeding resumed, the parties acknowledged that, notwithstanding having the means to contact FMC Devens about Defendant's release conditions since at least as early as October 25, 2010, neither the United States Attorney's Office nor Defendant's attorney Jan Karowsky contacted any official involved with the placement decision prior to the status hearing. It became apparent to the Court that neither of these attorneys understood Defendant's release situation, and had requested a needless continuance of the conditional release decision since the purpose of their requested continuance was to obtain placement information each side could have obtained far in advance of the status hearing.

The parties stated they desired to have Defendant placed in a yet to be determined half-way house located in a rural area of Los Angeles, California, rather than in the urban area selected by FMC

1  Devens and Probation. However, as Probation explained at the status
2  hearing, the placement option counsel sought was not available in the
3  Los Angeles area. Unfortunately, each counsel wasted time at the hearing
4  discussing a phantom placement option which a reasonable investigation
5  would have dispelled. Nevertheless, because of the commendable
6  investment of time by FMC Devens and the United States Probation Office
7  in the Central District of California, the Court is in a position to
8  determine the conditional release issue and each party ultimately agreed
9  with this determination at the status hearing.

10  Pursuant to the recommendation of FMC Devens, which includes
11  special release conditions as proposed by the United States Probation
12  Office for the Central District of California, it is ORDERED that
13  Defendant be conditionally released pursuant to Title 18 United States
14  Code Section 4243(f) in accordance with the following conditions:

15  1.  The Court adopts the specified placement location for
16  Defendant at the half-way house in the Central District of California.
17  Defendant will reside at the specified half-way house until discharged
18  by the program director with the approval of the United States Probation
19  Office in the Central District of California.  Any changes in residence
20  must be approved through Defendant's United States Probation Officer.

21  2.  Defendant shall participate in mental health and
22  substance abuse services approved through the United States Probation
23  Office in the Central District of California.  Defendant will comply
24  with treatment recommendations made by the Probation Office and/or by
25  the mental health professionals.

26  3.  Defendant will be monitored by mental health
27  professionals and his probation officer for evidence of psychiatric
28  difficulties and will continue to take medication, which may include

4

injectable medications, as ordered and which may be adjusted by his clinicians.

    4. Defendant will consent to have Social Security appoint a Representative Payee for his Social Security payments. If any changes in Representative Payee status are required, his assigned United States Probation Officer should be notified.

    5. Defendant will voluntarily agree to abide by any treatment plans created by his treatment team at the specified half-way house and with all treatment providers.

    6. Upon the recommendation of the medical provider or Probation Officer, Defendant will voluntarily admit himself into a hospital for treatment. If Defendant refuses and his continued release would create a substantial risk of bodily injury to himself, another person, or serious damage to the property of another, he should be remanded to a suitable facility pursuant to 18 U.S.C. 4243(f).

    7. Defendant will be supervised by the United States Probation Office in the Central District of California. Currently, Defendant's case is assigned to Mr. Michael Reiger. This includes Defendant's voluntary consent to waive his rights to confidentiality regarding his mental health treatment in order to allow sharing of information with the assigned supervising United States Probation Officer, who will assist in evaluating his ongoing appropriateness for community placement.

    8. Pursuant to Title 18 United States Code Section 4247(e), annual reports shall be provided by the United States Probation Office in the Central District of California to the Court for review, with copies to the Assistant United States Attorney, Defendant's appointed counsel, and the Warden of the Federal Medical Center in Devens, Ayer,

Massachusetts. The annual reports shall be mailed and/or faxed and should not be filed on the public docket. Upon receipt of the annual report, the Court shall take no further action absent a formal request from that Defendant's case be reevaluated.

9. Defendant will remain under the supervision of the United States Probation Office in the Central District of California until he is ordered by the Court to be discharged from all mental health treatment and/or his federal civil commitment. The primary treatment provider may be changed with the approval of the United States Probation Office in the Central District of California.

10. Defendant may not have in his possession at any time any actual or imitation firearm, destructive device or other deadly weapon. He shall submit to a search without a warrant of his person, property including vehicle or premises at the request of a probation officer or any law enforcement officer for the purpose of determining compliance with this condition. Revocation of conditional release is mandatory for possession of a firearm.

11. Defendant will abstain from the use of alcohol, illegal narcotic substances or drugs. He shall not frequent places where alcohol or illegal drugs are known to be the primary place of possession, manufacture or distribution. If determined necessary by the Probation Office, he will participate in substance abuse treatment and be required to participate in random drug and Breathalyzer testing.

12. The United States Marshals Service shall be notified to return Defendant to the custody of the Attorney General if it is determined that Defendant has violated any conditions which are established for him.

13. Defendant shall comply with the other standard conditions of release as proposed by the United States Probation Office in the Central District of California.

Upon receipt and verification of this Order, the Bureau of Prisons shall contact the appropriate persons to finalize release paper work, coordinate an arrival date at the identified half-way house in the Central District of California, make transportation arrangements, and contact the assigned Probation Officer in the Central District of California with the date and time of release from the Bureau of Prisons. The Probation Officer shall provide notice to the Court, the Assistant United States Attorney and Defendant's appointed counsel of Defendant's actual release date from FMC Devens.

The Clerk of Court shall serve copies of this Order to:

```
United States Department of Justice
Federal Bureau of Prisons
Federal Medical Center, Devens
P.O. Box 990
Ayer, MA 01432


Central District of California Probation Office
Attn: Mr. Michael Rieger
United States Courthouse, 6th Floor
312 N. Sprig Street
Los Angeles, CA 90012
```

Dated: June 24, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge